**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| W&W DANLEY ELECTRIC,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WALTER DANLEY ELECTRICAL<br>CONTRACTING LLC, *et al.*,<br><br>　　　　　　　　　Defendants. | Civil Action No. 25-9807 (MAS) (JTQ)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon two motions: (1) Defendants Walter Danley Electrical Contracting LLC ("DEC")[1] and Apex Service Partners, LLC's ("Apex") (collectively, "Defendants") Motion to Dismiss (the "Motion") (ECF No. 9) Plaintiff W&W Danley Electric's ("Danley Electric" or "Plaintiff") Complaint (ECF No. 1); and (2) Plaintiff's Cross-Motion for Leave to file an Amended Complaint (the "Cross-Motion") (ECF No. 10). Plaintiff opposed the Motion (ECF No. 10), and Defendants replied (ECF No. 11).[2] The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons outlined below, the Court grants Defendants' Motion and denies Plaintiff's Cross-Motion.

---

[1] Defendants note that the Complaint incorrectly identifies DEC as "W. Danley Electrical Contracting LLC," instead of "Walter Danley Electrical Contracting LLC." (Defs.' Moving Br. 3 n.2, ECF No. 9.) The Court will correct the spelling in the case caption and calls Plaintiff's attention to the correction for the purposes of amending the Complaint.

[2] Defendants' reply addresses both Plaintiff's opposition brief and Plaintiff's Cross-Motion. (*See* ECF No. 11.)

I. **BACKGROUND**

A. **Factual Background**[3]

This is a trademark dispute between two electrical businesses who each use the name "Danley." By way of brief background, in 1965, Walter Danley and his father founded Danley Electric.[4] (Compl. ¶ 4, ECF No. 1.) The company traces its "roots" to 1921, when Walter Danley's grandfather established the first of the family's electrical businesses. (*Id.* ¶ 10.) Approximately twenty years ago, Walter Danley's son, Walter Danley Jr., founded DEC. (*Id.* ¶¶ 5, 21, 23.) DEC, however, was "never affiliated" with Plaintiff or with any of Plaintiff's predecessor entities. (*Id.* ¶ 22.) In 2024, Apex acquired DEC. (*Id.* ¶ 23.)

Both Plaintiff and Defendants offer electrical services that "compete directly" in the same market. (*Id.* ¶¶ 31, 33.) Plaintiff alleges that Defendants' use of the Danley name is "confusingly similar" to Plaintiff's name and mark, and constitutes unfair competition. (*Id.* ¶¶ 35, 57.) In addition, Plaintiff alleges that Defendants have engaged in false advertising by falsely representing themselves as affiliated with Walter Danley. (*Id.* ¶¶ 30-33.) For example, Defendants' marketing materials depict an "old[-]fashioned looking man" resembling Walter Danley, and includes statements such as "Four generations of Danleys" and "[i]n business for over 100 years." (*Id.*)[5]

---

[3] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[4] Several individuals named "Walter Danley" are referenced in this case. For clarity, the Court adopts the parties' nomenclature and refers to Plaintiff's principal as Walter Danley, his son as "Walter Danley Jr.," and any other family members by their relation to Walter Danley. (*See generally* Compl.; Defs.' Moving Br. 2 n.1.)

[5] Plaintiff identifies the following advertised statements as false: (1) "In business for over 100 years"; (2) "Since 1921"; (3) "Four generations of Danleys"; and (4) "Trusted Electricians Since 1921." (Compl. ¶ 30.)

On March 14, 2025, Plaintiff sent Defendants a demand letter objecting to Defendants' use of the Danley name and related statements. (*Id.* ¶ 36.) After Defendants declined to discontinue their representations and trade name, Plaintiff filed the instant action. (*Id.*)

### B.    Procedural History

Plaintiff's Complaint asserts four causes of action: (1) false advertising under the Lanham Act ("Count One"); (2) unfair competition under the Lanham Act and New Jersey law ("Count Two"); (3) passing off under New Jersey law ("Count Three"); and (4) a violation of the New Jersey Consumer Fraud Act ("NJCFA") ("Count Four").[6] (*See generally*, Compl.) Defendants moved to dismiss the Complaint for failure to state a claim and/or as barred by laches. (*See generally* Defs.' Moving Br.) Plaintiff opposed the Motion and cross-moved for leave to file an amended complaint. (Pl.'s Opp'n Br., ECF No. 10.) Defendants thereafter filed a reply in further support of their Motion to Dismiss and in opposition to Plaintiff's Cross-Motion.[7] (ECF No. 11.)

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure[8] 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

---

[6] Although Plaintiff asserts in passing that Defendants' name "infringes" on Plaintiff's mark (*see* Compl. ¶¶ 1, 67), the Complaint does not plead a claim for trademark infringement (*see id.* ¶¶ 44-67). Count One asserts a federal false advertising claim, Count Two asserts a federal unfair competition claim, Count Three asserts a state law passing off claim, and Count Four asserts a state law fraud claim. (*See id.* ¶¶ 44-67.) The Court therefore confines its analysis in this Memorandum Opinion to the claims pleaded in the Complaint. If Plaintiff wishes to pursue a trademark infringement claim, it must amend its pleadings to bring such a claim.

[7] The Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over Plaintiff's remaining state law claims because these claims arise from the same case or controversy. *See* 28 U.S.C. § 1367(a).

[8] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

3

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

    A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. <u>DISCUSSION</u>

    The Court begins by addressing Defendants' Motion to Dismiss, followed by Plaintiff's Cross-Motion for leave to amend the Complaint.

A.     **Defendants' Motion to Dismiss**

1.     *Defendants' Laches Defense*

Defendants first argue that Plaintiff's Lanham Act claims are barred by laches. Because a defense of laches may "completely dispos[e]" of the Complaint, the Court addresses it at the outset. *Wallitsch v. Corona Corp.*, No. 87-2239, 1988 WL 30037, at *2 (E.D. Pa. Sept. 29, 1988).

A district court may resolve a laches defense at the motion to dismiss stage if its applicability can be determined on the face of the pleadings. *In re SoClean, Inc., Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 22-152, 2024 WL 4444819, at *8 (W.D. Pa. Oct. 8, 2024). Typically, however, because evaluating a laches defense requires a "close scrutiny of the particular facts and a balancing of the respective interests and equities of the parties, as well as of the general public," 2 J. McCarthy Trademarks and Unfair Competition 573 (2d ed. 1984), courts decline to resolve the issue of laches on a motion to dismiss where relevant facts are either unknown or disputed. *See Country Floors, Inc. v. P'ship Composed of Gepner & Ford*, 930 F.2d 1056, 1066 (3d Cir. 1991); *Kaufhold v. Caiafa*, 872 F. Supp. 2d 374, 380 (D.N.J. 2012).

To determine whether laches bars a Lanham Act claim, the Court considers two elements: (1) whether the plaintiff inexcusably delayed in bringing suit; and (2) whether the defendant was prejudiced as a result of the delay. *Kars 4 Kids Inc. v. Am. Can!*, 98 F.4th 436, 443-44 (3d Cir. 2024). The Court determines which party bears the burden of proof for a laches claim by identifying "the most analogous statute of limitation as a guideline," and then determining whether that period has expired. *Id.* at 444. If that period has expired, the burden shifts to the plaintiff, and the Lanham Act claims are barred unless the plaintiff establishes that: (1) its delay in suing was excusable; and (2) the delay did not prejudice the defendant. *Id.* Courts analogize Lanham Act claims to New Jersey's six-year fraud statute, and apply a six-year statute of limitations. *See Kars 4 Kids Inc. v. Am. Can!*, 8 F.4th 209, 221 (3d Cir. 2021). The laches clock

5

begins to run when a plaintiff "knows or should know about the existence of a provable claim." *DeWulf v. Blatt Billiard Corp.*, No. 22-04851, 2023 WL 3199192, at *6 (D.N.J. May 2, 2023); *see also Kars 4 Kids Inc.*, 8 F.4th at 221.

Here, the Complaint does not plead facts sufficient to determine when Plaintiff knew, or reasonably should have known, of Defendants' allegedly infringing or misleading conduct. *Kars 4 Kids Inc.*, 8 F.4th at 221. Although Plaintiff alleges that DEC was founded "approximately 20 years ago," Plaintiff provides no facts as to when it first learned of Defendants' use of the Danley name or advertisements.[9] (Compl. ¶ 21.) Accordingly, it is not clear from the face of the Complaint whether Plaintiff's Lanham Act claims are time-barred. *See Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 220 (D.N.J. 1993) (holding it was "not possible" to determine laches at the pleading stage where the complaint did not indicate when plaintiff first learned of the alleged infringement). Should Plaintiff file an amended complaint that includes allegations regarding when Plaintiff first learned of the infringement or false advertising, or the case proceed to discovery, Defendants may renew their laches defense at that time.

### 2. *Plaintiff Has Not Adequately Alleged a Claim for Unfair Competition Under the Lanham Act*

Defendants next argue that Plaintiff fails to state a claim for unfair competition under the Lanham Act. The Court agrees.

To state a Lanham Act claim for unfair competition, a plaintiff must plead that: (1) the mark is valid and legally protectable; (2) plaintiff owns the mark; (3) the defendants used the mark

---

[9] To the extent that Plaintiff asserts additional facts regarding its awareness of Defendants' conduct in its opposition brief, the Court disregards those assertions. (*See* Pl.s' Opp'n Br. 8-11.) It is "axiomatic" that a plaintiff cannot amend the complaint through briefing on a motion to dismiss. *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007). Should Plaintiff seek to plead additional facts regarding its awareness of the challenged conduct, it must do so by amending the Complaint.

in interstate commerce; and (4) the defendants' use of the mark to identify goods or services causes a likelihood of confusion. *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 472 (3d Cir. 1994). The first two elements—validity and legal protectability—are established where "a mark [is] federally registered and has become 'incontestable' under the Lanham Act." *Id.* (citing 15 U.S.C. §§ 1058, 1065). If the mark has not achieved incontestability, validity depends on proof of secondary meaning or inherent distinctiveness. *Id.* Secondary meaning exists when the mark is interpreted by the consuming public to be "not only an identification of the product or services, but also a representation of the origin of those products or services." *Com. Nat'l Ins. Servs., Inc. v. Com. Ins. Agency, Inc.*, 214 F.3d 432, 438 (3d Cir. 2000) (citation omitted).

The Third Circuit has held that a mark "based on the surname of a founder" is not inherently distinctive. *Parks LLC v. Tyson Foods Inc.*, 863 F.3d 220, 231 (3d Cir. 2017) (citing *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 827 n.17 (3d Cir. 2006)). Accordingly, when a mark is a surname, a "necessary step" in showing that the mark is eligible for protection under the Lanham Act is "demonstrating that it has acquired secondary meaning." *Id.* (citing *E.T. Browne Drug Co. v. Cococare Prods. Inc.*, 538 F.3d 185, 191 (3d Cir. 2008)). At the motion to dismiss stage, the question is whether the plaintiff plausibly alleges such secondary meaning. *See Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 292 (3d Cir. 1991) (citation omitted); *E.T. Browne Drug Co.*, 538 F.3d at 192.

Here, Plaintiff alleges that its mark consists of the surname "Danley." (Compl. ¶ 58.) As such, for this mark to receive protection, Plaintiff must adequately allege that this mark has acquired secondary meaning prior to Defendants' use. *See Parks LLC*, 863 F.3d at 226. Plaintiff fails to do so. Although Plaintiff alleges that it has used the Danley name for over a century, the Court cannot plausibly infer a finding of secondary meaning based on an allegation regarding

7

length of use alone. *See id.* at 232 ("[W]hile the length ... of use unquestionably favor[s] [Plaintiff], [that] factor alone cannot carry the day."); *see also Democratic Party of NJ, Inc. v. Devine*, No. 22-01268, 2022 WL 4976616, at *6 (D.N.J. Oct. 4, 2022) (dismissing plaintiff's unfair competition claim as insufficiently plead where plaintiff failed to plead facts pertaining to the "scope, duration, and continuity of [p]laintiff's use" of the mark).

Even if Plaintiff had plausibly alleged secondary meaning, its unfair competition claim would still fail because Plaintiff does not allege that Defendants used the mark in interstate commerce. Plaintiff alleges that both parties are "New Jersey" businesses and that Defendants market and sell services within New Jersey. (Compl. ¶¶ 4, 8-9, 41, 67.) Because "[p]urely intrastate disputes do not fall under the Lanham Act," Plaintiff's unfair competition claim must be dismissed. *Mother Waddles Perpetual Mission, Inc. v. Frazier*, 904 F. Supp. 603, 611 (E.D. Mich. 1995). Defendants' Motion is therefore granted as to this claim.[10]

### 3. *Plaintiff Has Not Adequately Alleged a Claim for False Advertising Under the Lanham Act*

Plaintiff likewise fails to state a Lanham Act false advertising claim. To state a claim for false advertising under 15 U.S.C. §§ 1125(a) and 1116(d)(1)(B), a plaintiff must allege that: (1) defendants have made false or misleading statements as to their own product or another's; (2) there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the advertised goods traveled in interstate commerce; and (5) there is a likelihood of injury to the plaintiff in terms of "declining sales, loss of good will, etc." *CollegeSource, Inc. v. AcademyOne,*

---

[10] Because the Court finds that Plaintiff has not adequately plead at least two elements of an unfair competition claim under the Lanham Act, the Court does not reach Defendants' additional arguments.

*Inc.*, 597 F. App'x 116, 131 (3d Cir. 2015) (quoting *Pernod Richard USA, LLC v. Barcardi U.S.A., Inc.*, 653 F.3d 241, 248 (3d Cir. 2011)).

As with Plaintiff's unfair competition claim, Plaintiff fails to allege that Defendants' advertised goods have traveled in interstate commerce. *Id.* at 131. Plaintiff instead alleges that Defendants "conduct[] business in New Jersey" and that they "market[], promote[], and sell[] [their] services . . . within this District." (Compl. ¶ 8.) Because Plaintiff does not plead "the requisite effect on interstate commerce or that the alleged false statement was disseminated in interstate commerce," the Court must dismiss Plaintiff's false advertising claim under the Lanham Act as insufficiently plead.[11] *McMahon v. Refresh Dental Mgmt., LLC*, No. 16-170, 2016 WL 7212584, at *10 (W.D. Pa. Dec. 13, 2016).

### 4. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

Plaintiff brings additional state law claims, including for unfair competition, false advertising, passing off and fraud. (*See* Compl. ¶ 1.) Because the Court dismisses the federal claims and there is no other apparent basis for subject matter jurisdiction, the Court must decide whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

Generally, where all federal claims are dismissed, the Court "must decline" supplemental jurisdiction unless "considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Id.* Here, none of these considerations warrant exercising supplemental jurisdiction over the remaining claims. The Court therefore dismisses the Complaint in its entirety. *See Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017).

---

[11] Because dismissal is warranted on this ground, the Court does not reach Defendants' additional arguments.

9

### B. Plaintiff's Cross-Motion for Leave to file an Amended Complaint

Plaintiff cross-moves for leave to file an amended complaint. (ECF No. 10.) Rule 15(a) states that the Court should "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Beeney v. FCA US LLC*, No. 24-2519, 2025 WL 2556242, at *2 (3d Cir. Sept. 5, 2025). A court, however, may deny leave for "undue delay, bad faith, dilatory motive, unfair prejudice, or futility." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Upon reviewing Plaintiff's proposed amended complaint, the Court finds that it does not cure the deficiencies identified above. Plaintiff's proposed amended complaint fails to plead facts sufficient to support a finding of secondary meaning, or to plead that Defendants' conduct affected interstate commerce. *See Tobias v. United States*, No. 13-6471, 2014 WL 6693721, at *7 (D.N.J. Nov. 26, 2014) (denying plaintiffs' motion for leave to file an amended complaint as futile where the amended complaint "failed to cure the deficiencies in their original [c]omplaint"). The Court therefore denies Plaintiff's Cross-Motion as futile. Nevertheless, Plaintiff is granted leave to file a further amended complaint should it be able to cure the deficiencies described in this Memorandum Opinion.

### IV. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is granted in its entirety, and Plaintiff's Cross-Motion is denied as futile. The Court will issue an Order consistent with this Memorandum Opinion.

DATED: December 17, 2025

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE